PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| WHOLESALE FIREWORKS CORP., *et al.*, | CASE NO. 4:20-CV-111 |
| Plaintiffs, | |
| | JUDGE BENITA Y. PEARSON |
| v. | |
| WHOLESALE FIREWORKS ENTERPRISES LLC, | **MEMORANDUM OF OPINION AND ORDER** |
| | [Resolving ECF Nos. 23, 31, 34] |
| Defendant. | |

Pending is Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue. ECF No. 23. Plaintiffs filed a response in opposition and a surreply, permitted by the Court[1]. ECF Nos. 28, 32. Defendant filed a reply. ECF No. 30. For the reasons that follow, Defendant's motion to dismiss is denied. In lieu of dismissal, the matter is transferred to the Western District of Pennsylvania.

**I. Background**

The parties in this matter are retailers in the fireworks industry. Each Plaintiff is an Ohio corporation with a principal place of business in Ohio.[2] ECF No. 21 at PageID #: 170. Defendant is a Kansas limited liability company with its principal place of business in Kansas. ECF No. 25 at PageID #: 264. While Plaintiffs conduct business in the states of Ohio,

---

[1] The parties were required to address the limited issue of transfer of venue in the reply and surreply. *See* Minutes of Proceedings, April 20, 2020.

[2] Richard Naples, Sr. is the owner of the majority ownership interest in each Plaintiff; Plaintiffs are related businesses. ECF No. 21 at PageID #: 170.

(4:20CV111)

Pennsylvania, and West Virginia, Defendant conducts business in the states of Pennsylvania, West Virginia, Kansas, Missouri, and Texas.  ECF No. 21 at PageID #: 171; ECF No. 24-1 at PageID #: 260; ECF No. 28-1.

      Plaintiffs allege they own trade name rights in the names "Wholesale Fireworks Inc.," "Wholesale Fireworks, Corp.," and "Wholesale Fireworks III, Inc." under Ohio law based upon the filing of their Articles of Incorporation.  ECF No. 21 at PageID #: 172.  For nearly forty years, Plaintiffs have conducted business under the above stated trade names.  *Id.*

      Plaintiffs claim that Defendant's business operations, conducted under the trade name "Wholesale Fireworks Enterprises LLC," have caused confusion in the consumer fireworks industry by leading Plaintiffs' customers, vendors, and suppliers into believing Defendant's operations are in fact Plaintiffs' operations.  *Id*. at PageID #: 174.  Plaintiffs' customers–many of whom reside in Pennsylvania and West Virginia–have brought Defendant's coupons and defective products into Plaintiffs' Ohio stores under the mistaken belief that Plaintiffs and Defendant are the same entity.[3]  *See* ECF No. 28-1 at PageID #:  305-08.  Defendant also allegedly put "misleading" representations into commerce via radio, print, and web advertising "without any reasonable attempt to distinguish Defendant's business from that of Plaintiffs'."  ECF No. 28 at PageID #: 294.

---

   [3]  Plaintiffs aver that Defendant's marketing outreach–including the dissemination of coupons–was received by Plaintiffs' Pennsylvania and West Virginia customers who frequently drive across the Pennsylvania-Ohio border to patronize Plaintiffs' retail location in Ohio.  ECF No. 28 at PageID #: 295.

(4:20CV111)

Plaintiffs' Amended Complaint asserts claims for trademark infringement, unfair competition, and false designation of origin under the Lanham Act as well as state law claims for deceptive trade practices and unfair competition. ECF No. 21. Defendant has filed a motion to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(2) and Fed. R. Civ. P. 12(b)(3), asserting the Court lacks personal jurisdiction and venue.

## II. Standards of Review

### A. Personal Jurisdiction

Plaintiff bears the burden of establishing that jurisdiction exists over a non-resident defendant. *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883 (6th Cir. 2002). "When the district court rules on written submissions alone the burden consists of a *prima facie* showing that personal jurisdiction exists." *Schneider v. Hardesty*, 669 F.3d 693, 697 (6th Cir. 2012) (internal quotation marks omitted). The Court must view the pleadings and affidavits in the light most favorable to the plaintiff, *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 721-22 (6th Cir. 2000), and must not consider facts proffered by the defendant that conflict with those offered by the plaintiff. *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002).

A prima facie showing is made by "establishing with reasonable particularity sufficient contacts between [the defendant] and the forum state to support jurisdiction." *Neogen Corp.*, 282 F.3d at 887. Under this standard, dismissal is proper if all the allegations put forth by the plaintiff collectively fail to state a prima facie case for jurisdiction. *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 149 (6th Cir. 1997).

### B. Improper Venue

3

(4:20CV111)

Pursuant to Fed. R. Civ. P. 12(b)(3), dismissal for improper venue is authorized "only when venue is 'wrong' or 'improper' in the forum in which it was brought." *Atl. Marine Constr. Co. v. United States Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 55 (2013). Whether venue is proper is governed by 28 U.S.C. § 1391. Under § 1391(b), "[a] civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. If the Court determines that venue is improper, it "shall dismiss, or if it be in the interest of justice, transfer [the] case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A court may *sua sponte* transfer a case when there is improper venue. *Carver v. Knox Cnty*, 887 F.2d 1287, 1291 (6th Cir. 1989). The choice between dismissal and transfer is within the sound discretion of the district court. *First of Mich. Corp. v. Bramlet*, 141 F.3d 260, 262 (6th Cir. 1998).

### III. Law and Analysis

#### A. Personal Jurisdiction

The Lanham Act does not authorize the assertion of personal jurisdiction over Defendant. 15 U.S.C. § 1125. Accordingly, when no statute of the United States authorizes personal jurisdiction directly, the Court must determine whether jurisdiction would be permitted in the courts of the forum state. *See* Fed. R. Civ. P. 4(k)(1). Jurisdiction is proper in the forum state if

(4:20CV111)

"the defendant [is] amenable to suit under the forum state's long-arm statute and the due process requirements of the Constitution [are] met." *Reynolds v. Int'l Amateur Athletic Fed'n*, 23 F.3d 1110, 1115 (6th Cir. 1994). Ohio's long-arm statute does not reach the limits of due process; therefore, the Court must analyze whether personal jurisdiction is proper under Ohio's long-arm statute prior to considering whether personal jurisdiction may be exercised consistent with constitutional due process. *Estate of Thompson ex rel. Estate of Rakestraw v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 361 (6th Cir. 2008).

### 1. Ohio's Long-arm Statute

Ohio's long-arm statute provides nine bases for asserting jurisdiction over a non-resident defendant. O.R.C. § 2307.382(A). Plaintiffs assert that the Court's personal jurisdiction over Defendant is proper under the sixth basis, which states that "[a] court may exercise personal jurisdiction over a person who acts directly or by an agent, as to cause a cause of action arising from the person's: . . . [c]ausing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state." O.R.C. § 2307.382(A)(6).

In the Amended Complaint, Plaintiffs allege that Defendant's conduct (intentionally, causing customer confusion by advertising its fireworks business and locations in Pennsylvania and West Virginia under the name "Wholesale Fireworks") caused tortious injury to Plaintiffs in Ohio. ECF No. 21 at PageID #: 174-76. Plaintiffs also allege that Defendant was on notice of Plaintiffs' long-term existence as fireworks retailers in Ohio. *See* ECF No. 28-1 at PageID #: 305. Accordingly, Defendant's conduct comes within the sixth category of Ohio's long-arm

(4:20CV111)

statute because it allegedly caused Plaintiffs' tortious injury in Ohio "when [Defendant] might[4] reasonably have expected that some person would be injured thereby in this state." O.R.C. § 2307.382(A)(6).

While § 2307.382(A)(6) is applicable, Plaintiff must also demonstrate that jurisdiction is proper under the federal due process clause.[5]

### 2. Due Process Requirement

The Court's jurisdiction comports with due process "when defendant has sufficient minimum contacts such that traditional notions of fair play and substantial justice are not offended." *Intera Corp. v. Henderson*, 428 F.3d 605, 615 (6th Cir. 2005). The Sixth Circuit has examined three factors to determine whether, consistent with due process, a court may exercise personal jurisdiction: (1) the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence to occur there; (2) the cause of action must arise from the defendant's activities in the forum state; and (3) the defendant's acts or the consequences caused by the defendant must have a substantial enough connection with the forum

---

[4] Interpreting the facts in the light most favorable to Plaintiffs, Defendant might reasonably have expected that Plaintiffs' business and reputation would be injured. Given the geographic proximity between the fireworks retailers, customer confusion created through the dissemination of Defendant's generically named coupons and other marketing tactics was reasonably foreseeable.

[5] As noted, Ohio's long-arm statute is not coterminous with due process. *Goldstein v. Christiansen*, 638 N.E.2d 541, 545 n. 1 (Ohio 1994). Although Ohio's long-arm statute vests the Court with the statutory power to hear this case against Defendant, the Court cannot exercise personal jurisdiction over Defendant if doing so would violate Defendant's constitutional right to due process.

6

(4:20CV111)

state to make the exercise of jurisdiction over him reasonable. *So. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968).

Jurisdiction may be founded on specific or general contacts with the forum. *CompuServe*, 89 F.3d at 1263; *Air Prod. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 550 (6th Cir. 2007). General jurisdiction depends on a showing that the defendant has continuous and systematic contacts with the forum state to justify the state's exercise of judicial power with respect to any and all claims the plaintiff may have against the defendant. *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 149 (6th Cir. 1997). Specific or limited personal jurisdiction "exposes the defendant to suit in the forum state only on claims that 'arise out of or relate to' a defendant's contacts with the forum." *Id.* Here, Plaintiffs assert that Defendant may be subject to specific, but not general, personal jurisdiction in Ohio. ECF No. 28 at PageID #: 289.

"[T]he question of whether a defendant has purposefully availed itself of the privilege of doing business in the forum state is 'the *sin qua non* for in personam jurisdiction.'" *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1263 (6th Cir. 1996) (quoting *Mohasco Indus., Inc.*, 401 F.2d at 381–82). A defendant need not be physically present in the forum state for personal jurisdiction to exist. But there must be a substantial connection between defendant's conduct and the state such that the defendant would "reasonably anticipate being hauled into court there." *Burger King v. Rudzewicz*, 471 U.S. 462, 474-75 (1985); *see also J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 882 (2011) (finding the principal inquiry "is whether the defendant's activities manifest an intention to submit to the power of a sovereign").

7

(4:20CV111)

Federal courts have promulgated what has been termed the "*Calder*-effects test" to determine whether the effects of defendant's intentional tortious conduct is sufficient for the forum's courts to exercise personal jurisdiction over him. *Reynolds*, 23 F.3d at 1118. Under the *Calder*-effects test Plaintiffs must establish that Defendant intentionally committed a tortious action which was "expressly aimed" for dissemination in the forum state. *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 451 (6th Cir. 2012) (citing *Calder v. Jones*, 465 U.S. 783, 789 (1984)). The "brunt of the harm" must also be felt in the forum state. *Id.*

In recent years, the Supreme Court and Sixth Circuit have applied the *Calder*-effects test narrowly. Mere allegations that intentional tortious conduct injured a forum resident does not, alone, suffice to prove a defendant possessed the constitutionally required minimum contacts with that forum to satisfy personal jurisdiction. See *Walden v. Fiore*, 571 U.S. 277, 290 (2014) ("*Calder* made clear that the mere injury to a forum resident is not always a sufficient connection to the forum, rather [t]he proper question is . . . whether the defendant's conduct connects him to the forum in a meaningful way"); *Scotts Co. v. Aventis S.A.*, 145 F. App'x 109, 114, n.1 (6th Cir. 2005) ("Although this Circuit has long held that the minimum contacts test can be satisfied either by acting *or* the causing of a consequence in the forum state. . .we have *not* held that merely causing a consequence *always* satisfies the minimum contacts test."); *Reynolds*, 23 F.3d at 1118-20 (finding plaintiff's assertions that defendant "intentionally and purposefully directed their tortious actions toward [plaintiff]" insufficient, alone, to create personal jurisdiction over defendant). In short, injury to a forum resident is not enough, on its own, to establish personal jurisdiction, and the *Calder*-effects test has not been read to authorize personal jurisdiction in a

8

(4:20CV111)

plaintiff's home forum in the absence of additional evidence to demonstrate that the defendant "specifically directed" his actions toward the forum state. *See Parker v. Winwood*, 938 F.3d 833, 841 (6th Cir. 2019) (affirming the district court's dismissal for lack of personal jurisdiction, finding nothing in the record showed defendant's activity was directed at the forum state); *Delta Media Grp., Inc. v. Kee Grp., Inc.*, 2007 WL 3232432 (N.D. Ohio Oct. 31, 2007) (Lioi, J.) (finding allegations of a forum-based injury, without more, to be insufficient to establish purposeful availment by a defendant not alleged to have had any contacts with the forum); *Weather Underground, Inc. v. Navigation Catalyst Sys., Inc.*, 688 F.Supp.2d 693, 700 (E.D.Mich. 2009). ("Without question, injury to a forum resident is not enough [to establish personal jurisdiction.]")

Plaintiffs concede that Defendant did not do business or otherwise act in Ohio. ECF No. 28 at PageID #: 292. Plaintiffs also acknowledge that Defendant's business activities were intended for customers in the states of Pennsylvania and West Virginia. ECF No. 28-1 at PageID #: 308. In seeking to establish personal jurisdiction, Plaintiffs rely on the fact that Defendant's customers in Pennsylvania and West Virginia were a short driving distance from Ohio. *See id.* Plaintiffs aver Defendant "knew or should have known" that the Pennsylvania and West Virginia customers would try to redeem Defendant's generic coupons–with a similar trade name–at Plaintiffs' fireworks stores in Ohio. *Id.*; ECF No 28 at PageID #: 295.

Plaintiffs effort to establish personal jurisdiction have fallen short of federal due process requirements. They have not shown what, if any, affirmative steps Defendant took to direct its business activities toward the State of Ohio. *See* ECF No. 281 at PageID #: 308 (noting in their

9

(4:20CV111)

affidavit in support only that "Defendant's *intentional actions in the Commonwealth of Pennsylvania and the State of West Virginia* caused damage and injury to the Plaintiffs[.]") (emphasis added). Assuming Plaintiffs did sustain injury from customer confusion caused by Defendant's actions outside of Ohio, Defendant's contacts with the State of Ohio–through the autonomous actions of its customers in Pennsylvania and West Virginia–are too tenuous to require Defendant to be hauled into court here. See *Walden*, 571 U.S. at 291 ("[I]t is defendant, not the plaintiff or third parties, who must create contacts with the forum state.")

This cause of action did not arise from Defendant's activities in Ohio nor is there a substantial enough connection between Defendant's conduct and the State of Ohio to make the exercise of jurisdiction reasonable. Accordingly, Plaintiffs have failed to state a prima facie case for personal jurisdiction.

**B. Venue**

As a result of Plaintiffs' inability to establish a basis for personal jurisdiction over Defendant, the Court finds venue is improper in the Northern District of Ohio pursuant to 28 U.S.C. § 1391. Thus, the Court may either dismiss the action or transfer it to another district or division in which it could have been brought. See 28 U.S.C. § 1406(a) (allowing transfer when in the "interest of justice"). "Unlike section 1404(a) [which permits a transfer of venue for convenience]. . . section 1406(a) does not require that the district court have personal jurisdiction over the defendants before transferring the case." *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 329 (6th Cir. 1993) (citations and quotations omitted) (utilizing section 1406(a) to transfer a case

(4:20CV111)

when there was both improper venue and lack of personal jurisdiction in the transferor forum); *Costaras v. NBC Universal, Inc.*, 409 F. Supp. 2d 897, 907 (N.D. Ohio 2005) (same).

Having reviewed Plaintiffs' Amended Complaint and the parties' additional filings, the Court finds that it is in the best interest of justice to transfer this case to the Western District of Pennsylvania– Plaintiffs' preferred venue for transfer. ECF No. 32. While neither party is a citizen of the Western District of Pennsylvania, in this jurist's opinion, personal jurisdiction over Defendant exists there. *See Flynn v. Greg Anthony Constr. Co.*, 95 F. App'x 726, 739 (6th Cir. 2003) (determining that whether a transfer is in the "interest of justice" starts with an assessment of "whether personal jurisdiction would be obtained in the transferee court."). All parties agree that the incidents giving rise to Plaintiffs' claims of unfair competition took place, in part, in Pennsylvania. ECF No. at PageID #: 242.; ECF No. 28 at PageID #: 288. Defendant is also licensed to do business in Pennsylvania and conducts retail operations in the state.[6] ECF No. 24 at PageID #: 242. Finally, fact witnesses[7] would be best served by having the parties litigate in Pennsylvania instead of Kansas–Defendant's preferred forum for transfer of the case. ECF No. 30 at PageID #: 329.

---

[6] The extent of Defendant's contacts with Pennsylvania make it clear that this case could have been brought in Pennsylvania at its inception, and strongly suggests that Pennsylvania is a convenient forum for both parties.

[7] Plaintiffs and Defendant have shared customers who reside in Pennsylvania. By transferring this matter to the Western District of Pennsylvania, these fact witnesses (along with others in nearby West Virginia) will be able to access the federal courts and testify in the case, if required. *See* ECF No. 32 at PageID #: 347.

11

(4:20CV111)

Accordingly, this matter will be transferred to the Western District of Pennsylvania, a district in which personal jurisdiction and venue lie.

### IV. Conclusion

Based on the foregoing, Defendant's Motion to Dismiss (ECF No. 23) is denied. In lieu of dismissal, the Court finds that transfer of this case is appropriate under § 1406(a).[8] The Court hereby directs the Clerk of Courts to transfer this action to the United States District Court for the Western District of Pennsylvania.

IT IS SO ORDERED.

   May 29, 2020                                    /s/ Benita Y. Pearson
Date                                                 Benita Y. Pearson
                                                          United States District Judge

---

[8] Plaintiffs' motion to transfer venue (ECF No. 34) is denied as moot. Plaintiffs' motion to extend its surreply (ECF No. 31) is also denied as unnecessary.